Our last case for this morning is United States v. Perez. Mr. Stephenson, good morning. Good morning, your honors. And may it please the court, Adam Stephenson on behalf of appellant David Perez. The issue in this case is a narrow one and one addressing the final sentencing exposure that is possible for Mr. Perez. The expanse of the RICO statute and the underlying racketeering activity will be the focus of my argument today. With any time remaining or if the court would have particular questions, I'm happy to address the second issue, the failure to consider Mr. Perez's arguments with regard to sentencing disparities amongst his co-defendants. But specifically with regard to the RICO case, the question here is not whether Mr. Perez is accountable for the underlying racketeering activity of attempted homicide. The question rather is given state law upon which that racketeering offense is chargeable and punishable, Illinois law in this case, whether Mr. Perez is subject to a maximum life sentence under the RICO provisions. And the government agreed below that Mr. that were this to be charged in state court, Mr. Perez would not be individually subject to a life maximum sentence. We do not disagree that his liability would still be for attempted homicide. But the unique aspect of Illinois law here is that the personally discharges, a firearm aggravating factor that would allow for the maximum life sentence does not apply to co-conspirators or co-defendants. Those individuals who did not, in fact, personally discharge a firearm. Unlike it would appear the government characterizes, this is not a question of whether Mr. Perez's underlying racketeering activity is attempted homicide. And that appears consistent with the law coming out of B'naib as well as the government's citation of additional authority filed yesterday, which was this court's resolution of the issue in Chester on which the district court relied in B'naib. The court indicated that Pinkerton liability was appropriate when determining an underlying racketeering activity. And in this case, essentially, there is a two step inquiry that would develop, given that there are aggravating factors under the state law. That is, Mr. Perez was not directly as a principal actor involved in the attempted homicide. He did not personally discharge a firearm in this case, but yet his liability would still be for attempted homicide. The differences or the second step is that Illinois state law does not allow for the attribution of that aggravating factor to individuals who were not the principal actor in that particular aggravating factor. In both Chester as well as B'naib, the difference in those cases was that the aggravating factor allowing for the life maximum sentence applied to the offense itself. In other words, attribution under state law was appropriate to co-conspirators, to co-defendants, aiders and abettors. But in this particular case, the single aggravating factor that was identified, the personal discharge of a firearm was not attributable or is not attributable. And therefore, that is the reason why Mr. Perez would not and cannot be subject to a life sentence under state law and under the RICO provisions that refer to state law. Mr. Stephenson, the RICO statute says that life imprisonment is the maximum term of imprisonment, where the violation, which is the conspiracy here, is based on a racketeering activity for which the maximum penalty includes life imprisonment. The racketeering activity here is the underlying attempted murder. It doesn't say anything about it has to be on the defendant's actions involved in the racketeering activity. It's very broad, and that's what we've relied on in U.S. v. Brown to reach the conclusion. How do you get around that? So with regard to Brown and B'Naib before it, the issue there is that the definition of racketeering activity includes the phrase, so this is 1961 subsection 1, which is chargeable under state law and punishable by imprisonment for more than one year. And other courts have considered, as well as this court implicitly in B'Naib and Brown, that state law does define the scope or set out the parameters of particular sentences under the RICO provisions. For example, Fernandez out of the Ninth Circuit, which we cite in our brief, notes that sentences vary according to the law of the state where the act occurred. And implicit with regard to the references to state law and the definition of racketeering activity and the Congress's amending of the statute to include that life sentence provision, this is one of the narrow areas where because state law defines the parameters of the particular life sentence eligibility, it is to be considered. And so consistent with B'Naib ---- But you aren't disputing, and sorry to interrupt you, but you aren't disputing that the maximum sentence under Illinois law for attempted murder where the defendant personally discharged the firearm is life imprisonment, are you? For the particular individual who did personally discharge the firearm, no, that is not the case. But essentially ---- that deals with the punishment for the RICO conspiracy, it doesn't say anything about the racketeering activity having to be something that the defendant was personally carried out. That's correct. And that is not inconsistent with the notion that attempted homicide is the appropriate racketeering activity. But I believe where the basis in state law or the use of state law comes into play is that the definition of the racketeering activity listed in that statute, which is 1961.1, does specifically reference chargeable under state law and punishable by imprisonment for more than one year. So that definition, which is then used in 1963A to define the racketeering activity, imports and refers to state law in addition to other federal crimes for the basis for defining the scope of the state law. And to give essentially a distinction, the government cites two cases that talk about essentially defenses to the crime itself. And that is not the case here. There is no defense or there is no claim that Mr. Perez was not subjected to the racketeering activity of attempted homicide itself. The question is whether the aggravating factors that would allow for the maximum sentence could apply. And under state law, the fact that this would not be chargeable under state law has a maximum life sentence possibility for him. And so it is a unique circumstance. I haven't, in my research, been able to find other circumstances where aggravating factors particularly attach to individuals rather than the crime itself. Similar to Chester and Brown, B'Nabi, with the aggravating factors actually attaching to the crimes themselves and therefore all co-conspirators and co-defendants. Unless the court has other questions, I am happy to reserve the remainder of my time for rebuttal. Thank you. Ms. Kostanek. Thank you. Good afternoon and may it please the court. Andriana Kostanek on behalf of the United States. The district court did not err in sentencing the defendant. The defendant's statutory maximum penalty for the RICO conspiracy was life imprisonment. As the district court explained, RICO sentences do not depend on acts committed by any specific defendant. Instead, they reflect the operation of the enterprise as a whole. This court explained most recently in Brown that under 1963A, the statutory maximum for a RICO violation is life where the violation is based on racketeering activity that is punishable under state law by life imprisonment. Here, the violation was a racketeering conspiracy. And that racketeering conspiracy included racketeering activity that was the personal discharge of a weapon in the course of attempting to murder victim one. It's irrelevant that the defendant could not have been sentenced in Illinois court to life imprisonment. 1963A is not a personalized enhancement as the defendant asserts in his reply brief. State law serves definitional purposes for the purposes of racketeering as this court has recognized, including in Benabi. Whereas federal law defines the scope of liability as well as accountability principles. The defendant here admitted that part of the racketeering activities of this enterprise was the attempted murder of victim one. And that it was reasonably foreseeable to him that the individuals he directed to kill victim one would personally discharge a firearm in the course of that attempted murder. 1961, as the defendant cites, does not change this analysis. So 1961A1A does not say that every member of the conspiracy must personally commit a murder or an act chargeable under state law. It instead requires that there be an enterprise that engage in racketeering activities that are chargeable under state law. And that was conceded in this case as part of the agreement that, I'm sorry, as part of the stipulated offenses that the defendant engaged in a racketeering enterprise with activities chargeable under state law, including the attempted murder that enhanced his sentence under 1963A. If there are no questions from the panel, the government would ask that this court affirm the defendant's sentence. All right. Thank you very much, Mr. Stevenson. Rebuttal. Yes, Your Honor. I think a clarification of the steps of analysis that I feel appropriate here that there is no doubt that Mr. Perez pledged to and was guilty of a RICO conspiracy, the agreement of individuals to engage in an enterprise of racketeering activity. Nor that there's disagreement with regards to there being an underlying racketeering activity of attempted homicide. Those are accurate. Those are what was done at the stipulated findings or special findings hearing in this case. The question here and the reference to 1961 is not guilt of the offense, but of the sentencing parameters. And the references to state law, the cases that discuss the aggravating factors under state law, including Bonet and Brown, is important in defining the outward parameters of a potential life sentence. So it is not a question of whether Mr. Perez had to be personally involved in an attempted homicide, but rather there was a chargeable racketeering activity under state law that would carry a life sentence. And in this case for Mr. Perez, that is not the case based upon state law aggravating factors, and we would ask that the court reverse and remand for resentencing. Thank you, Your Honors. All right. Thank you very much. Our thanks to both counsel. The case is taken under advisement. And that concludes our calendar for the day.